THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY MATSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>　　　　　Defendant. | No.<br><br>NOTICE OF REMOVAL |

TO   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant United Parcel Service ("UPS") removes this action to this Court from the Superior Court of the State of Washington for King County. In support of this Notice, UPS, by its undersigned attorneys, respectfully states:

1. **STATE COURT ACTION**

Plaintiff Mary Matson commenced this action on or about July 15, 2010, by filing a Complaint (the "Complaint") in the Superior Court of the State of Washington for King County, where it was assigned Cause No. 10-2-25613-0SEA. The registered agent for UPS was served with the Summons and Complaint on August 23, 2010. See Declaration of Linda Mizumoto ("Mizumoto Decl."), ¶3. UPS's counsel filed Notices of Appearance in Superior Court on

NOTICE OF REMOVAL (No. ) – 1
00895-0528/LEGAL19112356.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

September 3, 2010 and September 9, 2010. No further proceedings in this matter have been had in the Superior Court.

In the Complaint, plaintiff brings claims for sex discrimination, race discrimination, retaliation, and wrongful discharge in violation of public policy. See Complaint ¶¶ 11-21. Plaintiff's claims are brought under the Washington Law Against Discrimination, Chapter 49.60 RCW, and Washington common law. Plaintiff seeks damages, including lost past and future wages, lost benefits, general damages in an amount to be proven at trial, and attorneys' fees and costs. See Complaint, ¶¶ 14, 18, 21, and "Prayer for Relief".

2. **GROUNDS FOR REMOVAL: Diversity of Citizenship**

There is jurisdiction of the federal court in this matter pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.

a. **Diversity of Citizenship**. According to her Complaint, plaintiff is a resident of Enumclaw, Washington. See Complaint at ¶1. United Parcel Service, Inc. is an Ohio corporation with its principal place of business in Georgia. See Mizumoto Decl., ¶2. Diversity of citizenship therefore exists between the parties.

b. **Amount in Controversy**

The amount in controversy in this matter exceeds $75,000, exclusive of costs and interest. Although plaintiff's Complaint does not contain an allegation regarding the specific amount in controversy, the Court should conclude based on a preponderance of evidence that plaintiff seeks damages in an amount greater than $75,000 based on the following:

Plaintiff seeks damages for lost past and future wages. See Complaint, ¶¶ 14, 18, 21, and "Prayer for Relief". At the time of her discharge, plaintiff was working for UPS as a part-time employee performing both air combination work and ramp work. Mizumoto Decl., ¶ 4. Plaintiff's pay rate at the time of her discharge on February 4, 2010 was $22.52 per hour for air combination work and $14.70 per hour for ramp work. Id. Based on a part-time schedule of 30 hours per week, plaintiff would have made $675.60 per week for her air combination work and

NOTICE OF REMOVAL (No. ) – 2
00895-0528/LEGAL19112356.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

$441 per week for her ramp work. Assuming that plaintiff's claim for lost wages extends from the date of her discharge to a trial date approximately 12 months from the date of filing (approximately 81 weeks in total), plaintiff's wage loss claim has a potential value ranging from approximately $34,721 (wages for ramp work) to $54,723 (wages for air combination work).

Plaintiff also seeks general damages for extreme emotional distress, in an amount to be proven at trial. Complaint at ¶¶14, 18, 21. These amounts are properly considered part of the amount in controversy even though the ultimate award cannot be determined with specificity. See, e.g., Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("Nor does it present an insurmountable obstacle to quantify the amount at stake when intangible harm is alleged; the parties need not predict the trier of fact's eventual award with one hundred percent accuracy."). It is appropriate to consider awards in similar cases in assessing the amount in controversy. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (holding that the district court properly considered emotional distress damage awards in similar discrimination cases in Washington in determining that the amount in controversy exceeded $75,000), cert. denied, 127 S. Ct. 157 (2006). Juries frequently award substantial amounts of emotional distress or general damages in employment discrimination and negligent infliction of emotional distress cases. See, e.g., Passantino v. Johnson & Johnson Consumer Prods. Inc., 212 F.3d 493, 504, 513-14 (9th Cir. 2000) (affirming $1,000,000 emotional distress award in a discrimination and retaliation case brought under the WLAD); Robel v. Roundup Corp., 148 Wn.2d 35, 41-42, 59 P.3d 611 (2002) ($50,000 general damages award in case for disability discrimination and retaliation under the WLAD); Hirata v. Evergreen State Ltd. P'ship No. 5, 124 Wn. App. 631, 636, 103 P.3d 812 (2004) ($75,000 general damages award to each of two plaintiffs in an employment discrimination and harassment case brought under the WLAD, where one of the plaintiffs was awarded only $1,570.80 in back pay); Herring v. Dep't of Soc'l & Health Servs., 81 Wn. App. 1, 13-15, 914 P.2d 67 (1996) ($550,000 award for non-economic mental distress damages in a suit

NOTICE OF REMOVAL (No. ) – 3
00895-0528/LEGAL19112356.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

under the WLAD for wrongful termination, discrimination, failure to accommodate, harassment, and retaliation related to plaintiff's disability).

Finally, plaintiff's Complaint also seeks attorneys' fees. Where, as here, attorneys' fees are recoverable under the applicable state statutes, reasonable attorneys' fees are properly included in the amount in controversy. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (considering attorneys' fees in determining amount in controversy); Kroske, 432 F.3d at 980 (same); Beaver v. NPC Intern, Inc., 451 F. Supp. 2d 1196, 1198-99 (D.Or. 2006) (same); Szalay v. Yellow Freight Sys., Inc., 999 F. Supp. 972, 974 (N.D. Ohio 1996) (same), aff'd by, 127 F.3d 1103 (6th Cir. 1997). As with emotional distress awards, fee awards in employment discrimination cases are frequently substantial. See, e.g., Hirata, 124 Wn. App. at 636 (fee award of $271,230); Herring, 81 Wn. App. at 13 ($267,862.50 fee award). An award of even *half* the amount of fees awarded in Hirata or Herring would be well over the minimum amount in controversy.

Considering plaintiff's claims for lost wages in conjunction with her claims for lost benefits, emotional distress damages, and attorneys' fees, there can be no doubt that a reasonable person would conclude that the amount in controversy here exceeds the $75,000 required for diversity jurisdiction. Therefore, based upon a preponderance of the evidence, UPS has satisfied its burden to establish that the amount in controversy exceeds $75,000. This Court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Accordingly, the action is removable pursuant to 28 U.S.C. §§ 1441(b) and 1446.

3. **Venue.** This Court is the federal District Court of the United States for the district embracing the place where the state court action is pending and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

4. **Timely Removal.** This Notice of Removal is filed with the Court within thirty (30) days after UPS was first served with the Complaint. 28 U.S.C. § 1446(b).

NOTICE OF REMOVAL (No. ) – 4
00895-0528/LEGAL19112356.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

5. **State Court Records.** Copies of all process and pleadings filed in this case, Cause No. 10-2-25613-0SEA, including the Complaint, served on defendant and found in the files of the Superior Court of the State of Washington for King County, as of September 22, 2010 are attached to the Certification of State Court Record filed with this Notice of Removal.

WHEREFORE, UPS prays that the above-entitled action be removed from the Superior Court of Washington for King County to this Court.

DATED: September 22, 2010

s/ *Michael T. Reynvaan*, WSBA No. 12943
MReynvaan@perkinscoie.com
Maralee M. Downey, WSBA No. 38239
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

NOTICE OF REMOVAL (No. ) – 5
00895-0528/LEGAL19112356.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

I certify that on September 22, 2010, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney of record. In addition, I caused service to be made on the same attorney(s) of record by the method(s) indicated:

| | |
|---|---|
| Peter G. Cogan | __X__ Via Hand Delivery |
| Law Offices of Peter G. Cogan | ____ Via U.S. Mail, 1st Class, Postage Prepaid |
| 119 First Avenue South, Suite 500 | ____ Via Overnight Delivery |
| Seattle, WA 98104 | ____ Via Facsimile |
| | ____ Via Email |
| Attorneys for Plaintiff | __X__ Via E-filing |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 22nd day of September, 2010.

*s/ Janet Davenport*
Janet Davenport, Legal Secretary

CERTIFICATE OF SERVICE (No. ) – 1
00895-0528/LEGAL19112356.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

MARY MATSON,

    Plaintiff

vs.

UNITED PARCEL SERVICE, INC.

    Defendant

No. 10-2-25613-0 SEA

COMPLAINT

### PARTIES, JURISDICTION, VENUE

1. Plaintiff Mary Matson is a white female resident of Enumclaw, King County, Washington.

2. Defendant United Parcel Service, Inc. is an Ohio corporation engaged in the parcel delivery business and is an employer doing business in King County, Washington. Defendant at all times relevant hereto employed eight or more employees in the State of Washington.

3. This court has jurisdiction over this matter and venue is proper in this court.

### FACTS

4. Defendant employed plaintiff Mary Matson as a "combination worker" whose job

PAGE 1

LAW OFFICE OF PETER G. COGAN
119 FIRST AVE. S., STE. 500
SEATTLE, WA 98104
206-382-9896

**EXHIBIT A**

duties included both sorting packages and delivering parcels. Plaintiff's employment with defendant commenced on or about October 2002.

5. At all times relevant hereto plaintiff performed her job duties for defendant in a competent manner.

6. During the course of plaintiff's employment defendant discriminated against plaintiff in the terms and conditions of employment on the basis of her sex and/or on the basis of her race.. Plaintiff was subjected by defendant to a hostile work environment on the basis of her sex and/or her race.

7. During the course of her employment with defendant, plaintiff opposed and communicated to defendant her opposition to defendant's practices of unlawful discrimination against plaintiff in the terms and conditions of employment on the basis of her sex and/or her race (including her being subjected to a hostile work environment) which practices violated RCW 49.60 *et seq*.

8. After plaintiff opposed and communicated to defendant her opposition to defendant's aforementioned employment practices which were in violation of RCW 49.60 *et seq*., defendant retaliated against plaintiff by discriminating against her in the terms and conditions of employment because of her protected opposition activities aforementioned, including subjecting her to a hostile work environment.

9. On or about mid December 2009 one of defendant's male employees assaulted plaintiff on the job, injuring the plaintiff. Plaintiff filed a worker's compensation claim related to the injuries she suffered from the aforementioned assault.

LAW OFFICE OF PETER G. COGAN
119 FIRST AVE. S., STE. 500
SEATTLE, WA 98104
206-382-9896

10. On or about February 2, 2010 defendant wrongfully terminated plaintiff's employment on pretextual grounds.

### FIRST CAUSE OF ACTION- VIOLATION OF RCW 49.60.180

11. Paragraphs 1-10 are incorporated by reference as paragraph 11.

12. Defendant discriminated against plaintiff on the basis of her sex and/or her race in the terms and conditions of her employment in violation of RCW 49.60.180.

13. Defendant against discriminated against plaintiff on the basis of her sex in terminating her employment in violation of RCW 49.60.180.

14. As a proximate result of defendant's wrongful acts and omissions aforementioned plaintiff has suffered damages, including but not limited to lost pay and benefits and extreme emotional distress, in an amount to be proven at trial.

### SECOND CAUSE OF ACTION- VIOLATION OF RCW 49.60.210

15. Paragraphs 1-10 are hereby incorporated by reference as paragraph 15.

16. Defendant discriminated against plaintiff in the terms and conditions of her employment because she had opposed practices outlawed by RCW 49.60 *et seq.*, . in violation of RCW 49.60.210.

17. Defendant discriminated against plaintiff in terminating her employment because she had opposed practices outlawed by RCW 49.60 *et seq*, in violation of RCW 49.60.210.

18. As a proximate result of defendant's wrongful acts and omissions aforementioned plaintiff has suffered damages, including but not limited to lost pay and benefits and extreme emotional distress in an amount to be proven at trial.

PAGE 3

## THIRD CAUSE OF ACTION- WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

19. Paragraphs 1-10 are incorporated by reference and made paragraph 19.

20. Defendant terminated plaintiff's employment in retaliation for plaintiff's filing a worker's compensation claim (as referenced in paragraph 9). Said termination constitutes wrongful termination in violation of the public policy of the State of Washington set forth in RCW 51.48.025.

21    As a proximate result of defendants' aforementioned wrongful acts, plaintiff suffered damages, including lost wages and benefits, and extreme emotional distress, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. Order defendant to pay plaintiff back pay, to reinstate plaintiff's employment, or to pay to her front pay until she finds comparable employment elsewhere, and to pay plaintiff compensatory damages in an amount to be proven at trial.

2. Order defendant to pay plaintiff's reasonable attorneys fees and costs of suit, pursuant to RCW 49.60 *et seq. and* RCW 49.48 *et seq.* and any other basis allowed in law or in equity.

3. Allow plaintiff to amend her pleadings to conform to the proof at trial.

4. Order defendant to pay pre-judgment interest on any back wages awarded.

5. Order such other further relief as the court may deem fair and equitable.

DATED July 14, 2010.

PAGE 4

LAW OFFICE OF PETER G. COGAN
119 FIRST AVE. S., STE. 500
SEATTLE, WA 98104
206-382-9896

/s/_____
Peter G. Cogan, WSBA # 14010
Attorney for Plaintiff
119 First Ave. S., Suite 500
Seattle, WA 98104
Ph: (206) 382-9896
Fax: (206) 682-3002
Email: coganlaw@yahoo.com