HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY MATSON,

            Plaintiff,

    v.

UNITED PARCEL SERVICE, INC.,

            Defendant.

CASE NO. C10-1528 RAJ

ORDER

     This matter comes before the court on plaintiff Mary Matson's motion for reconsideration of the court's order granting defendant United Parcel Service, Inc.'s ("UPS") motion for judgment as a matter of law and for a partial new trial.  Dkt. # 161.

     The court held a jury trial in July 2012 on plaintiff's state law claims of gender discrimination, retaliation, and gender-based hostile work environment.  Dkt. # 125 (Verdict Form).  On July 19, 2012, the jury found that UPS did not discriminate against plaintiff based on her gender or retaliate against her based on her opposition to what she reasonably believed to be discrimination or retaliation.  *Id.*  However, the jury found that UPS subjected plaintiff to a hostile work environment on the basis of her gender, and awarded her $500,000 in emotional harm damages. *Id.*

On August 16, 2012, defendant filed a motion for judgment as a matter of law and a notice of appeal. Dkt. ## 145-56. The appellate proceedings were held in abeyance pending the outcome of the motion for judgment as a matter of law. Dkt. # 154. On April 1, 2013, the Court of Appeals dismissed the case pursuant to Fed. R. App. Proc. 42(b). Dkt. # 169.

With respect to the motion for judgment as a matter of law, this court identified the relevant issue as whether section 301 of the Labor Management Relations Act ("LMRA") preempted plaintiff's hostile work environment claim. Dkt # 159 at 2. Pursuant to *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1088 (9th Cir. 1991), the court segmented Ms. Matson's hostile work environment claim for purposes of preemption into two categories: (1) conduct based on "extra work" assignments, and (2) other harassment on the job because of her gender. Dkt. # 159 at 4. After summarizing the evidence adduced at trial, the court found that Ms. Matson's hostile work environment claim with respect to "extra work" assignments is preempted because it is substantially dependent on analysis of the Collective Bargaining Agreement where the court would have to interpret the meaning of "extra work." *Id.* at 6. The court also found that there was sufficient evidence leaving a question for the jury regarding whether management's conduct (other than the "extra work" assignments) created a hostile work environment based on Ms. Matson's gender. *Id.* at 6-7. Thus, the court granted UPS's alternate motion for a new trial with respect to the non-extra work assignment conduct. *Id.* at 7.

On February 25, 2013, Ms. Matson filed a motion for reconsideration in which she also requested that, pursuant to Federal Rule of Civil Procedure 54(b), the court enter final judgment on its order that the hostile work environment claim based on "extra work" assignments is preempted by the LMRA. Dkt. # 161 at 7. The court requested additional briefing with respect to the Rule 54(b) request. Defendant opposes a Rule 54(b) judgment and argues that there has not been a final judgment on Ms. Matson's

1  hostile work environment claim because the court "split" the hostile work environment

2  claim to excise the "extra work" assignment allegations that are preempted.  Ms. Matson

3  argues that the preempted hostile work environment claim does not arise from the same

4  factual allegations as the non-preempted claim, and that the legal issue of preemption

5  based on work assignment evidence is separate and distinct from the pending hostile

6  work environment claim based on non-work assignment conduct.

7        Under Rule 54(b), when an action presents more than one claim for relief, the

8  court may direct entry of final judgment as to one or more claims or parties only if the

9  court expressly determines that there is no just reason for delay.  Fed. R. Civ. P. 54(b).

10  "A district court must first determine that it is dealing with a 'final judgment.'"  *Curtiss-*

11  *Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  "It must be a 'judgment' in the

12  sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the

13  sense that it is 'an ultimate disposition of an individual claim entered in the course of a

14  multiple claims action."  *Id.*  "Once having found finality, the district court must go on to

15  determine whether there is any just reason for delay." *Id.* at 8.  "Judgments under Rule

16  54(b) must be reserved for the unusual case in which the costs and risks of multiplying

17  the number of proceedings and of overcrowding the appellate docket are outbalanced by

18  pressing needs of the litigants for an early and separate judgment as to some claims or

19  parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).  The

20  trial court must make specific findings setting forth the reasons for its order.  *Id.*  "Those

21  findings should include a determination of whether, upon any review of the judgment

22  entered under the rule, the appellate court will be required to address legal or factual

23  issues that are similar to those contained in the claims still pending before the trial court."

24  *Id.*  "A similarity of legal or factual issues will weigh heavily against entry of judgment

25  under the rule, and in such cases a Rule 54(b) order will be proper only where necessary

26  to avoid a harsh and unjust result, documented by further and specific findings."  *Id.*

27

1    With respect to finality, a decision is final under 28 U.S.C. § 1291 if it ends the

2    litigation on the merits and leaves nothing for the court to do but execute judgment. *Ariz.*

3    *State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991)

4    (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988)).

5    Rule 54(b) "allows a judgment to be entered if it has the requisite degree of finality as to

6    an individual claim in a multiclaim action. The partial adjudication of a single claim is

7    not appealable, despite a rule 54(b) certification." *Id.* at 1040 (citing *Susssex Drug*

8    *Prods. V. Kanasco, Ltd.*, 920 F.2d 1150, 1154 (3d Cir. 1990)). A complaint asserting

9    only one legal right, even if seeking multiple remedies for the alleged violation of that

10   right, states a single claim for relief. *Id.* (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S.

11   737, 743 n.4 (1976)).

12   Here, the court segmented plaintiff's single claim for hostile work environment

13   into two categories. The court then partially adjudicated the portion of plaintiff's hostile

14   work environment claim that was preempted. The court finds that plaintiff's hostile work

15   environment claim is a single claim for relief, and Rule 54(b) certification is therefore

16   improper.

17   For all the foregoing reasons, the court DENIES plaintiff's Rule 54(b) motion.

18   Dkt. # 161 at 6.

19   Dated this 2nd day of April, 2013.

20

21   

22   The Honorable Richard A. Jones
     United States District Judge

23

24

25

26

27

ORDER- 4