HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY MATSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>　　　　Defendant. | CASE NO. C10-1528 RAJ<br><br>ORDER |

This matter comes before the court on defendant's motion for leave to file a second summary judgment motion (Dkt. # 187)[1] and defendant's second motion *in limine* (Dkt. # 172).

With respect to the former, the Ninth Circuit has held that "district courts have discretion to entertain successive motions for summary judgment[.]" *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010).  The court exercises that discretion to prohibit successive motions for summary judgment in this case.

---

[1] Although this motion is not yet ripe, the court believes it can address the motion most efficiently now to save counsel from wasting any more time.

ORDER- 1

With respect to the latter, on May 14, 2013, this court entered an order *sua sponte* advising the parties that its prior orders on motions *in limine* will apply equally to the new trial, except with respect to the preemption issue on the extra-work assignments. Dkt. # 171. In that order, the court specifically stated that the "parties need not submit motions *in limine*, pretrial orders, trial briefs, proposed jury instructions, proposed voir dire, or agreed neutral statement of the case, unless the parties have new or additional information not previously raised. The court emphasizes that all prior rulings (except for preemption) will apply to the new trial." *Id.*

Defendant seeks an order excluding the following:

(1) Supervisor Janie Norton was supervisor Brian McKinney's Assistant;

(2) Doug Christensen "choked" Ms. Matson and tried to "twist" or "snap" her neck;

(3) Mr. McKinney was aware that Ms. Matson was in a fight with Mr. Christensen prior to Ms Matson bringing it to UPS's attention;

(4) Non-rebuttal testimony from previously undisclosed witnesses, including, but not limited to, Dr. Kevin McKeighen;

(5) The previous jury verdict on Ms. Matson's hostile work environment claim;

(6) The gender composition of employees and managers outside of Ms. Matson's workgroup;

(7) Allegations of a gender-based hostile work environment not disclosed in Ms. Matson's discovery responses, summary judgment briefings, trial brief, or in the alternative, allegations not raised in the first trial;

(8) Mr. McKinney failed or refused to assist Ms. Matson with an "over 70-pound" package;

(9) The gender of the driver who replaced Ms. Matson or drivers who were hired after her discharge;

ORDER- 2

     (10)   Ms. Matson was not assigned a van after she returned from medical leave in 2009;

     (11)   Ms. Matson was unlawfully discharged, including evidence regarding Michael Frausto's discharge and reinstatement; and

     (12)   The February 2, 2010 security interview was recorded or videotaped.

Requests 1 through 3 and 6 through 12 could have been brought as motions *in limine* before the first trial or defendant could have objected to the line of testimony at trial. Defendant did not object to testimony related to requests 1, 6, 7, 10, and 12, and the court overruled defendant's objections to testimony regarding requests 2, 3, and 8. The court will not allow defendant a second bite at the apple with the benefit of hindsight when they could have raised these issues in their first motion *in limine* or objected during trial.

Nevertheless, plaintiff does not oppose request 9 or request 11 to the extent that plaintiff's separation is characterized as "termination" or "discharge." The court agrees with plaintiff that to avoid confusion of the issues before the jury since her discharge is not at issue, the parties shall refer to plaintiff's separation as a termination or discharge.

With respect to request 4 and 5, plaintiff has confirmed that she will not call Dr. McKeighen as a witness and does not oppose exclusion of the prior jury verdict. Accordingly, the motion is GRANTED with respect to requests 4, 5, 9 and 11 only consistent with this order. The clerk is directed to terminate all pending motions.

On a final note, the parties should refrain from filing motions that waste the court's and the parties' time. The court granted defendant's motion for a new trial, and that is exactly what will happen.

For all the foregoing reasons, the court DENIES defendant's motion for leave to file a second summary judgment motion (Dkt. # 187) and GRANTS in part and DENIES in part defendant's second motion *in limine* (Dkt. # 172).

Dated this 30th day of September, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER- 4