HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY MATSON,

    Plaintiff,

    v.

UNITED PARCEL SERVICES, INC.,

    Defendant.

CASE NO. C10-1528 RAJ

ORDER

This matter comes before the Court on Plaintiff Mary Matson's ("Plaintiff") Revised Motion for Reconsideration and In the Alternative, Motion to Renew and Consider Plaintiff's First Fee Petition (the "Motion for Reconsideration"). Dkt. # 285. Defendant United Parcel Services, Inc. ("Defendant") has not responded.

For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Reconsideration. In reconsidering Plaintiff's First Fee Petition (Dkt. # 129), the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's First Fee Petition.

**I.    BACKGROUND**

In September 2010, Plaintiff brought a state court action under Washington's Law Against Discrimination ("WLAD") against her former employer Defendant. Dkt. # 1. Defendant removed the action to federal court based on diversity of citizenship. *Id*. The

ORDER- 1

Court granted Defendant's motion for summary judgment on Plaintiff's race discrimination, race-based hostile work environment, and wrongful discharge claims. Dkt. # 70.

This matter then went to trial for the first time. After the first trial, the jury returned a verdict in favor of Defendant on Plaintiff's claims for discrimination and retaliation. Dkt. # 125. The jury found, however, that Defendant subjected Plaintiff to a hostile work environment on the basis of her gender and awarded Plaintiff $500,000 in emotional damages. *Id.*

On August 2, 2012, Plaintiff filed the First Fee Petition and requested fees and costs accrued between February 12, 2011 and August 2, 2012. Dkt. # 129 (the "First Fee Petition"). Plaintiff then requested a fee multiplier of 1.5. *Id.* On August 16, 2012, Defendant filed a motion for judgment as a matter of law under Rule 50(b). Dkt. # 145. The Court granted Defendant's motion for a new trial on the ground that the gender-based hostile work environment claim was preempted under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Dkt. # 145. In doing so, the Court terminated Plaintiff's First Fee Petition as moot. *Id.*

After the second trial, the jury found in favor of Defendant on the hostile work environment claim, awarding Plaintiff no damages. Dkt. # 234. Plaintiff appealed. Dkt. # 241. The United States Court of Appeals for the Ninth Circuit reversed the Court's preemption finding. *Matson v. United Parcel Service, Inc.*, 840 F.3d 1126 (9th Cir. 2016) (Case No. 13-36174). The Court of Appeals reinstated the jury verdict from the first trial and remanded the matter "for reconsideration of the damages question." *Id.* at 1137.

On November 3, 2017, this Court granted Plaintiff's request to reinstate the initial jury verdict of $500,000 from the first trial. Dkt. # 266. On January 29, 2018, the Court entered judgment in favor of Plaintiff. Dkt. # 277.

On December 11, 2017, Plaintiff moved to recover its fees and petitions for the period between August 2, 2012 and December 12, 2017, reflecting post-trial motions and the second trial. Dkt. # 271 (the "Second Fee Petition"). In a footnote to that petition, Plaintiff's counsel requested that the Court decide the First Fee Petition on its merits. Dkt. #271 at 2, n.2. The Court granted in part Plaintiff's Second Fee Petition, but declined to consider the request, contained only in a footnote, that the Court reconsider Plaintiff's First Fee Petition. Dkt. #282, at 17. Plaintiff them moved for reconsideration of portions of the Court's Order on Plaintiff's Second Fee Petition, which this Court denied because it did not request reconsideration of the Court's Order on Plaintiff's First Fee Petition. Dkt. ## 283, 284.

On August 22, 2018, Plaintiff then filed her present Motion for Reconsideration of the First Fee Petition, which is now before this Court. Dkt # 285. Defendant has not responded.

## II. DISCUSSION

**A. The Court Grants Plaintiff's Motion for Reconsideration**

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Plaintiff has, with the present Motion for Reconsideration, provided sufficient justification for this Court to reconsider its prior determination. The Court's earlier denial of Plaintiff's First Fee Petition as moot relied on its determination that Plaintiff's claim was preempted. Dkt. # 150 at 8. The Ninth Circuit's decision reversed that finding, and this decision constituted an intervening change in the law. Because the Court also reinstated Plaintiff's successful verdict in the first trial, the Court finds good cause to also reconsider Plaintiff's entitlement to attorney fees and costs for that trial.

The Court thus **GRANTS** Plaintiff's Motion for Reconsideration (Dkt. # 285), and will rule on the merits of Plaintiff's First Fee Petition.

**B. Plaintiffs Are Entitled to Fees from the First Trial**

In Plaintiff's First Fee Petition, Plaintiff seeks an award pursuant to RCW 49.60.030(2) of attorneys' fees in the amount of $546,161.851 and costs in the amount of $11,052.21, which includes a fee multiplier of 1.5. Dkt. # 1. Where the court exercises jurisdiction over state law claims, it generally relies on state law regarding the recovery of attorney fees. *MRO Communications, Inc. v. AT & T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999). The WLAD provides for an award of "the cost of suit including reasonable attorneys' fees" to the prevailing party. RCW 49.60.030(2).

There is no dispute, at this point, that Plaintiff prevailed on her hostile work environment claim in the First Trial. Defendant argues that because Plaintiff did not segregate her fees incurred in litigating her successful hostile work environment claim from those incurred in litigating her unsuccessful claims, the Court should either deny Plaintiff's Fee Petition in its entirety or substantially reduce Plaintiff's Fee Petition by 80%. Dkt. # 149 at 5-7.

The Court disagrees that wholesale denial of Plaintiff's First Fee Petition is warranted. As explained by the Washington Supreme Court, an award of attorney fees may be limited to fees attributable to successful claims if the claims brought are unrelated and separable. *Kastanis v. Educational Employees Credit Union*, 122 Wash.2d 483, 859 P.2d 26, 865 P.2d 507 (1994); *Nordstrom, Inc. v. Tampourlos*, 107 Wash.2d 735, 733 P.2d 208 (1987). However, when parties prevail on any significant issue that is inseparable from issues on which the parties did not prevail, a court may award attorney fees on all issues. *Blair v. Washington State Univ.*, 108 Wash.2d 558, 740 P.2d 1379 (1987). The Washington Supreme Court, citing the U.S. Supreme Court, explained that when a case with multiple claims is based on a "common core of facts," those claims need not be treated as separable for purposes of awarding fees:

> In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims.

*Brand v. Dep't of Labor & Indus. of State of Wash.*, 139 Wn.2d 659, 672–73, 989 P.2d 1111, 1117 (1999), *as amended on denial of reconsideration* (Apr. 10, 2000), as *amended* (Apr. 17, 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)

In this case, the Court finds that Plaintiff was not required to segregate her fees between her successful and unsuccessful claims because such claims all relied on the same "common core" of facts. The Court finds an instructive case in *Bright v. Frank Russell Investments*, 191 Wn. App. 73, 82, 361 P.3d 245, 250 (2015). In *Bright*, the plaintiff prevailed on one (failure to accommodate), but not all, of her claims brought under the WLAD. *Bright*, 191 Wn. App. at 77. Nevertheless, the plaintiff sought, and received, fees and costs based on expenditures related to all claims. *Id*. The defendant opposed, arguing that the fee award was deficient because Plaintiff failed to segregate time spent on unsuccessful racial discrimination claims. *Id*. The *Bright* court rejected this argument, noting that because all of plaintiff's claims under the WLAD "shared a factual core," they were related in that they all alleged unlawful discrimination under the WLAD, and Plaintiff did not need to treat them as separate lawsuits. *Id*. at 82. Here, all of Plaintiff's unsuccessful claims under the WLAD were also based on the same "common core" of facts. Although the legal theories between the claims may have been different, the factual basis for each claim relied on the same factual basis: Plaintiff's overall treatment in her workplace.

The Court also finds that permitting Plaintiff to recover the costs associated with all claims is more in line with the directives and policy goals of WLAD, where Washington courts allow liberal recovery of costs by the prevailing party in civil rights litigation, in order to further the policies underlying these civil rights statutes." *Blair v.*

*Wash. St. Univ.*, 740 P.2d 1379, 1387 (Wash. 1987); *see also Brand v. Dep't of Labor & Indus.*, 139 Wash.2d 659, 667, 989 P.2d 1111 (2000) (observing that a "central" consideration in the Court's analysis should be "the underlying purpose of the statute authorizing the attorney fees"). For purposes of the WLAD, a plaintiff prevails when she succeeds in achieving the benefit sought in bringing the suit. *Wheeler v. Catholic Archdiocese of Seattle*, 124 Wash. 2d 634, 643, 880 P.2d 29, 34 (1994).

Accordingly, the Court finds that Plaintiff is entitled to fees and costs associated with the First Trial.

**C. The Court Grants In Part Plaintiff's Requested Fees**

In Washington, courts use the lodestar method to determine a reasonable attorney fee award. *Mahler v. Szucs,* 135 Wash. 2d 398, 957 P.2d 632, 650–51 (1998). The Court must determine a lodestar by multiplying a reasonable hourly rate or rates by the number of hours reasonably expended in the litigation. *Id.* at 651. The party seeking fees bears the burden of proof. *Id.*

*1. Reasonable Rate*

Determining a reasonable hourly rate requires the Court to consider the attorney's usual fee, the attorney's level of skill and experience, the amount of the recovery, and the "undesirability of the case." *Bowers v. Transamerica Title Ins. Co.,* 100 Wash. 2d 581, 675 P.2d 193, 203 (1983). The Court can also consider the customary hourly rates in the local area, the effect of the case on the attorney's availability for other work, whether the case is particularly complex or difficult, and a host of other factors. *Mahler,* 957 P.2d at 651 n. 20. The presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v. Thurston Cty.,* 147 Wn. App. 409, 445, 195 P.3d 985, 1004 (2008). The applicable geographic area for determining a reasonable hourly rate for Plaintiffs' counsel is the entire Puget Sound region. *Id.* The Court may also rely on its own knowledge and experience regarding fees charged in the area in which it presides. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

According to the evidence provided in support of Plaintiff's First Fee Petition, Plaintiff is requesting 1,419.6 hours of work at hourly rates of $90 to $435 by twelve different timekeepers, as follows (Dkt. # 130 at ¶ 8, Ex. C):

| Timekeeper | Title | Hourly Rate | Hours Worked |
|---|---|---|---|
| **Donald Mullins** | Partner | $435 | 345.3 |
| **Eleanor Walstad** | Associate | $230 | 130.5 |
| **Jacob Humphreys** | Associate | $230 | 668.5 |
| **Allyssa J. Hale** | Associate | $230 | 88.9 |
| **Aubrie Hicks** | Law Clerk | $125 | 33.2 |
| **Christina Limon** | Paralegal | $110 | 3.0 |
| **Stefanie Baines** | Paralegal | $110 | 104.5 |
| **Diane Moore** | Temporary Paralegal | $110 | 1.6 |
| **Ben Stephens** | Legal Assistant | $90 | 26.7 |
| **Lora Perry** | Legal Assistant | $110 | 5.1 |
| **Yonten Dorjee** | Legal Assistant | $90 | 5.8 |
| **Lauren Skelton** | Legal Assistant | $90 | 6.5 |

Plaintiff's attorney submits in a declaration that these rates are the "same billing rates charged to [Plaintiff's attorneys'] hourly clients." Dkt. # 130, ¶ 8.[1]

As to the two main attorney timekeepers, Mr. Mullins and Mr. Humphreys, Defendant does not appear to directly dispute the reasonableness of the rates. Instead, Defendant contests that the Court should exclude the fees claimed by Ms. Walstad

---

[1] Plaintiff also lists some other timekeepers, such as Don Paul Badgley, though Plaintiff's requested fees do not include hours expended by these timekeepers.

(Miller) and Ms. Hale because Plaintiff did not provide information about the background of these attorneys in her First Fee Petition. Dkt. # 149 at 9. It is true that neither of the two relevant declarations submitted with Plaintiff's First Fee Petition included any supporting information about these two attorneys or the reasonableness of their rates. *See* Dkt. ## 130, 132. However, Plaintiff did provide this information in a Declaration on Reply. Dkt. # 152. Although this information should have been included in Plaintiff's original declarations, Defendant did not file any surreply, move to strike, or otherwise argue in any filing over the past six years that they were prejudiced by this action. In fact, as Defendants note, they were able to ascertain the identities of these timekeepers on the internet, and could see that Ms. Walstad and Ms. Hale were attorneys at Plaintiff's counsel's firm. Dkt. # 149 at 9, n. 14. The Court, in its discretion, accepts this Reply Declaration.

Plaintiff also submits a Declaration of Stephen A. Teller, owner of the law firm of Teller & Associates, PLLC. Dkt. # 132. Teller states that he has familiarized herself with this matter and, in his opinion, the requested hourly rates for Mr. Mullins and Mr. Humphreys are reasonable. *Id.* at ¶ 15. Teller also claims the hours expended were reasonable given the difficulties Plaintiff encountered during discovery and other phases. *Id.* at ¶¶ 16-26. Teller also claims that the hours expended were reasonable and Plaintiff's counsel are deserving of a Lodestar multiplier. *Id.* at ¶ 27.

In its Opposition, Defendant contests that the Court should disregard the Teller Declaration under Federal Rule of Evidence 702 because it is not based on sufficient facts or reliable principles. Dkt. # 149 at 13-14. The Court agrees that the Teller Declaration is unnecessary and unhelpful. The portions of the Teller declaration that concern the reasonableness of expended hours and the appropriateness of a fee multiplier are legal determinations for this Court, and Teller's Declaration does not offer any particularly insightful observations on these points. However, the Court need not rely on these portions to make the determination that the rates are reasonable. The Court observes that,

based on this Court's experience, Plaintiffs counsel's rates are consistent with the rates charged by other lawyers in the Puget Sound area and approved by this Court. *See, e.g., Nat'l Prod., Inc. v. Aqua Box Prod., LLC*, No. 12-605-RSM, 2013 WL 12106900, at *2 (W.D. Wash. Mar. 15, 2013) ($465-485/partner, $205-300/associates, $120/paralegal). The Court of Appeals also determined that many of these claimed rates were reasonable. *See* Dkt. # 280 at 6-9 ($465/partner, $210-300/associate, $210/contract attorney, $150/law clerk, $150/paralegal, $110/legal assistant). This is also consistent with the Court's determination of the reasonableness of Plaintiff's rates in Plaintiff's Second Fee Petition. *See* Dkt. # 282 at 7-10 (finding rate of $245 for Jacob Humphreys, $210 for Aubrie Hicks, $230 for Eleanor Walstad, and $465 for Donald Mullins reasonable).

Accordingly, the Court finds the hourly rates to be reasonable. In reaching that determination, the Court relies on declarations that the rates identified are the normal hourly rates, Defendant' lack of opposition to the reasonableness of certain rates, and on its familiarity with legal fees in the Western District of Washington at the relevant time period.

  *2. Reasonable Expended Hours*

Proof of an appropriate lodestar begins with reasonable documentation of the work the attorney performed. That documentation "need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (i.e. senior partner, associate, etc.)." *Bowers*, 675 P.2d at 203. In determining if the attorney "reasonably expended" the hours she claims, the court should "discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." *Id.*

In connection with Plaintiff's First Fee Petition, Plaintiff requests $364,107.90 in attorneys' fees and $15,493.94 in costs. Dkt. # 129 at 5. Plaintiff also requests that the Court apply a multiplier of 1.5 to the lodestar. *Id*. at 10-11. Plaintiff contends that the requested hours are reasonable because the action was complex, aggressively litigated,

and thoroughly briefed, and the counsel for Defendant were skilled and highly regarded. *Id*.

Defendant does not contest a large portion of Plaintiff's time entries, and the Court agrees that the uncontested entries largely appear reasonable. Defendant objects to certain time entries, namely (1) entries reflecting clerical work; (2) entries reflecting time billed by Ms. Walstad and Ms. Hale; and (3) entries reflecting "wasteful or duplicative work." Dkt. # 149 at 8-14. The Court finds some of these objections meritorious, as explained below. Defendant also requests to Court pro-rate Plaintiff's fee request based on her five unsuccessful claims. *Id*. at 10. Defendant does not provide any reliable mechanism to separate her successful and unsuccessful claim, and given the authorities cited above, the Court believes Plaintiff's requested time entries all derive from a common core of facts connected with her successful hostile work environment claim. Accordingly, the Court will not use its discretion to pro-rate Plaintiff's award.

    a. Clerical Work

Defendant objects to 186.4 hours (totaling $20,222), billed by non-attorneys of what it claims is "clerical time" that was "not legal in nature." Dkt. # 149 at 8. Plaintiff counters that some of the entries reflect core attorney work, and that Plaintiff should not be punished for efficient use of support staff. Dkt. # 151 at 4. The Court finds that Defendant' objection has partial merit.

A court can award fees where a non-lawyer performs legal (as opposed to clerical) work, does so under the supervision of an attorney, and is qualified "to perform substantive legal work." *Absher Constr. Co. v. Kent Sch. Dist.*, 79 Wash. App. 841, 917 P.2d 1086, 1088 (1995). However, paralegals and other assistants are not entitled to compensation for nonlegal work. *Id*. at 1089 (denying compensation for time spent preparing pleadings, preparing copies, and similar tasks; granting compensation for "time spent preparing the briefs and related work"); *see also N. Coast Elec. Co. v. Selig*, 136 Wash. App. 636, 645, 151 P.3d 211, 216 (2007) (compensation for clerical work like

preparing pleadings for duplication, preparing and delivering copies, requesting copies, and obtaining and delivering a docket sheet is not within the realm of reasonable attorney fees).

Although Plaintiff contends that the time entries at issue were for legal rather than clerical work, a review of the time records confirms that much of the challenged work was clerical in nature. For instance, many of the claimed entries reflect clerical work such as transcribing dictations, highlighting, proofreading, preparing working notebooks, and updating Outlook calendars. *See generally* Dkt. # 130 at ¶ 8, Ex. C. Plaintiff's counsel also claims hours worked by four legal assistants, billed out between $90 and $110 an hour. The work performed by these individuals, while necessary and by all accounts highly competent, does not appear to be compensable legal work.

However, the Court does note that some of the non-lawyers' time entries indicate that they were performing core legal work under the supervision of attorneys. These include the following Slip Numbers:

- 185704 ("Review Federal General Rule regarding withdrawal and substitution of counsel. Draft Stipulation and Order of Withdrawing and Substituting counsel.") and 185709 (same work);
- 198631 ("Review FRCP 30 & 45. Draft 30(b)(6) subpoena and notice of deposition.") and 198887 (same work);
- 202894 ("Review court rules and local rules regarding motion to shorten time. Email J. Humphreys. Review rules governing motions for relief from a deadline.");
- 208434 ("Review FRCP and CR regarding pretrial deadlines. Email E. Walstad regarding compiling proposed deadlines to present to opposing counsel."); 209359 (review federal and local rules regarding trial subpoenas under attorney guidance);

|   |   |
|---|---|
| 1 | • 209432 (reviewing federal and local rules for deposition designations under |
| 2 | attorney guidance); |
| 3 | • 209691 ("Research on admissibility of evidence regarding EEOC and |
| 4 | NLRB findings; research on limiting instructions for jury.") and 209881 |
| 5 | (same); |
| 6 | • 210487 ("Research on fee petitions in WA federal courts") and 210614 |
| 7 | ("Research and drafting memo on fee petitions for D.Mullins and J. |
| 8 | Humphreys"); and |
| 9 | • 210631 ("Research and drafting outline of plaintiff's motion for fees and |
| 10 | costs for D. Mullins and J. Humphreys."). |

Dkt. # 130, Ex. C. These entries are more akin to recoverable legal work. These permitted time entries total 23.1 hours and $2,785.50.

Accordingly, after a thorough review of Plaintiff's requested time entries and Defendant's objections, the Court concludes that Defendant is entitled to a reduction of $17,736.50 in the requested fees due to the clerical nature of the work.

   b. Fees Claimed by Ms. Walstad and Ms. Hale

Defendant claims that Plaintiff should not be entitled to recover any fees incurred by timekeepers Eleanor Walstad and Allyssa Hale because Plaintiff provided no information about their background, and their claimed time entries consist of "generic block descriptions" of their work. Dkt. # 149 at 9. The Court rejects these arguments. As stated above, Plaintiff furnished information concerning these lawyers' background in a Reply Declaration, which Defendant has never addressed, and the Court finds the rates to be reasonable given their background. Moreover, while the Ninth Circuit has endorsed a district court's reduction of block billing, *see, e.g., Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), this Court finds that Plaintiff's counsel's entries "cover relatively limited amounts of time and give sufficient information for the Court to assess the nature of the work done." *See McEuen v. Riverview Bancorp, Inc.*, 2014 WL

2197851 at *6 (W.D. Wash. May 27, 2014). The Court will permit Plaintiff to recover fees incurred by Ms. Walstad and Ms. Hale.

      c. <u>Wasteful or Duplicative Work</u>

Defendant argues that a "substantial amount of the time in Ms. Matson's fee request is 'wasteful or duplicative hours." Dkt. # 149 at 10. Defendant argues that the large amount of timekeepers on this case led to "duplication and inefficiency," causing the time records to be "riddled with unnecessary and duplicative work." *Id*. To that end, Defendant identified two tasks that it claims show such unnecessary time: (1) 15.1 hours billed to draft plaintiff's second set of discovery requests consisting of two interrogatories and five production requests; and (2) $545 claimed for work on May 25, 2012 that includes time to "attempt to view order." *Id*. at 10-11.

The Court does not agree with Defendant's characterization of these time entries. The first contested task, consisting of three entries, includes more work than just drafting discovery requests, such as reviewing Plaintiff's production and prior discovery requests, and arranging for service of these requests. Dkt. # 120 at 38-39. The second entry for Plaintiff's attorney's "attempt" to view an order was only a small part of the time entry; the rest of the 1.2 hours was devoted to reviewing the case status, conferencing with other attorneys, and reviewing case materials. Dkt. # 130 at 66. Defendant fails to show how these entries are unreasonable given this added detail. Moreover, the Court does not agree with Defendant's objection that Plaintiff overstaffed this litigation. The litigation in this case spanned multiple years; during this time, multiple individuals rotated in and out of the case. Dkt. # 272 at 2-6. Moreover, much of the time entries are constrained to a limited number of timekeepers, with discrete tasks outsourced. This scenario does not strike the Court as abnormal.

Accordingly, the Court will not grant a reduction on this basis.

*3. Fee Multiplier*

As part of the First Fee Petition, Plaintiff asks that the Court exercise its discretion to apply a 1.5 multiplier to the lodestar amount to account for the contingent and risky nature of success, quality of opponent, complexity of legal issues, and the quality of the work performed. Dkt. # 129 at 11-12. Defendant opposes, arguing that Plaintiff has not demonstrated that this is an "exceptional" case deserving of a multiplier. Dkt. # 149 at 11-12. As the Court did in denying a 2.0 multiplier in Plaintiff's Second Fee Petition, the Court agrees with Defendant that a multiplier is not appropriate in this case.

There is a "strong presumption" that the lodestar figure represents the reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *224 Westlake, LLC v. Engstrom Prop., LLC*, 281 P.3d 693, 713 (Wash. Ct. App. 2012). In an appropriate case, the court can grant an upward or downward adjustment to the lodestar amount to account for factors that are not part of the calculation of reasonable rates or hours expended. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000); *Bowers*, 675 P.2d at 204. A multiplier thus applies in exceptional circumstances that the lodestar calculation does not adequately reflect. *Conti v. Corp. Servs. Grp., Inc.*, 30 F. Supp. 3d 1051, 1083 (W.D. Wash. 2014), *aff'd*, 690 F. App'x 473 (9th Cir. 2017). The Court has "broad discretion in awarding a contingency multiplier." *Stewart v. Snohomish Cty. Pub. Util. Dist. No. 1*, No. C16-0020-JCC, 2017 WL 4538956, at *3 (W.D. Wash. Oct. 11, 2017) (quoting *Hotchkiss v. CSK Auto, Inc.*, 949 F. Supp. 2d 1040, 1046 (E.D. Wash. 2013)). Lodestar adjustments, under Washington law, are considered "rare." *Mahler v. Szucs*, 135 Wash.2d 398, 957 P.2d 632, 651 (1998).

As the Court noted in its previous Order on Plaintiff's Second Fee Petition, the facts of this case simply do not represent the type of "rare" and "'exceptional' circumstances" when the lodestar figure does not adequately represent counsel's "superior performance and commitment of resources." *Kelly v. Wengler*, 822 F.3d 1085, 1102 (9th Cir. 2016) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554

(2010)); *Sanders v. State*, 169 Wn.2d 827, 869, 240 P.3d 120, 142 (2010). Counsel's performance in this case, while competent, does not justify a multiplier.

As for the contingent nature factor, although Plaintiffs' counsel took this lawsuit on a contingency basis, they have not demonstrated how the case was particularly high risk, or how the risk was not already reflected in the hourly rates or the contingency fee award. A court should only award a contingency multiplier when "the lodestar figure does not adequately account for the high risk nature of the case." *Pham*, 151 P.3d at 983.

The Court, therefore, will not make any upward adjustment of the lodestar figure. In total, the Court will permit Plaintiffs to recover a total of $354,298 in fees. This figure reflects Plaintiff's claimed $372,034.50 in fees, less the fees reflecting clerical work ($17,736.50).

**D. The Court Grants in Part Plaintiff's Request For Costs**

Plaintiff argues that she is entitled to recover a total of $11,052 in costs, which reflects electronic research, obtaining medical records, deposition and mediation costs,, professional copies and assistance with trial exhibits, and expert fees for Mr. Teller. Dkt. # 130, Ex. B. Defendant disputes a number of these costs, such as those associated with (1) the Teller Declaration; (2) mediation fees; (3) deposition costs for Brian Coy, John Venntjer, and Brian Person; and (4) Westlaw costs incurred by Ms. Hale and Ms. Walstad. Dkt. # 149 at 13.

First, the Court agrees with Defendant that the Teller expert fees should not be recoverable. The Teller Declaration did not offer much specialized insight, and the bulk of the utility came from citing to other publicly-available cases. The Court concludes that Plaintiff is not entitled to recovers these costs as the Teller Declaration is duplicative, unnecessary, and largely unhelpful. The Court will not permit Plaintiff to recover the $1,642 in expert fees.

Next, Defendant argues that Plaintiff should not be permitted to recover all costs associated with the parties' mediation because the parties previously agreed to split the

costs of mediation. Dkt. # 149 at 13; Dkt. # 150 at ¶13. Plaintiff does not contest this point. Based on the uncontested representation of the parties' arrangement to bear their proportionate costs of mediation the Court will not award the $3,105 in mediation fees born by Plaintiff. The Court, however, rejects Defendants' request to reduce costs associated with depositions for "unsuccessful" claims, and costs incurred by Ms. Hale and Ms. Walstad. For the reasons stated above, those costs are recoverable.

Accordingly, the Court will permit Plaintiffs to recover a total of $6,305.21 in costs. This figure reflects Plaintiff's claimed $11,052.21, less the Teller expert fees ($1,642) and Plaintiff's mediation costs ($3,105).

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court GRANTS Plaintiff's Motion for Reconsideration. Dkt. # 285. In reconsidering Plaintiff's First Fee Petition, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's First Fee Petition. Dkt. # 129. The Court awards Plaintiff $354,298 in attorney fees and $6,305.21 in costs.

Dated this 15th day of February, 2019.

The Honorable Richard A. Jones
United States District Judge